UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDELAY HOSPITALITY GROUP, LP D/B/A HUDSON HOUSE, | § § § § § § § § § § § § § | Case No. 3:20-cv-01348-D |
| Plaintiff, | | |
| v. | | |
| THE CINCINNATI INSURANCE COMPANY, BARON CASS, and SWINGLE COLLINS COMPANY LLC | | |
| Defendants. | | |

### DEFENDANT SWINGLE COLLINS COMPANY, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Swingle Collins Company, LLC ("Defendant" or "Swingle Collins") files this Motion to Dismiss (the "Motion to Dismiss") and Memorandum of Law in Support on the claims asserted by Plaintiff Vandelay Hospitality Group, LP d/b/a Hudson House ("Plaintiff" or "Vandelay") in the First Amended Petition (the "Amended Complaint"), and would show the Court as follows:

### PRELIMINARY STATEMENT

Following its improper joinder of Swingle Collins' agent, Baron Cass ("Mr. Cass"), in a brazen and transparent attempt to defeat this Court's diversity subject matter jurisdiction and maintain the matter in state court [*see* Doc. No. 11-4, at pages 6-7], Plaintiff added Mr. Cass' employer, Swingle Collins, in its First Amended Complaint. Plaintiff's claims against Swingle

Collins for declaratory judgment and negligent misrepresentation fail as a matter of law and should be dismissed with prejudice.

Swingle Collins, as insurance broker, is not a proper party to the declaratory judgment request. The Court should dismiss the declaratory judgment claim because, as shown below, the declaratory judgment claim is redundant of the substantive relief Plaintiff seeks against Cincinnati and in no way affects Swingle Collins or its agent, Mr. Cass.

The negligent misrepresentation claim against Swingle Collins also fails as a matter of law. Plaintiff merely engages in a formulaic recitation of elements against Swingle Collins without identifying the who, what, where, when, why, or how regarding how such representations were made, and to whom from Plaintiff those representations were made. Under the requirements of *Twombly* and *Iqbal*, a "plausible" claim on its face requires more than a formulaic, bald recitation of elements without any factual allegations or underpinnings. In addition, Plaintiff's claim is also barred by the economic loss rule, since its alleged "pecuniary loss" damages are the <u>very same</u> damages sought against Cincinnati in its breach of contract claim. Indeed, this Court's previous holding in *Sterling Chems., Inc. v. Texaco, Inc.*—also concerning a "business interruption" claim—is dispositive, as Plaintiff has not shown, and cannot demonstrate, a distinct, concrete injury caused by Swingle Collins apart from the damages it claims it suffered as a result of Cincinnati's purported breach of contract.

For these reasons, and those shown below, the Court should dismiss the claims against Swingle Collins as a matter of law.

## FACTUAL BACKGROUND

Plaintiff's allegations against Swingle Collins and its agent, Mr. Cass, in the Amended Complaint are unsurprisingly barebones, considering that each defendant was added in an attempt

to destroy this Court's diversity subject matter jurisdiction. Plaintiff alleges that it purchased its commercial property insurance policy from Cincinnati Insurance Company ("Cincinnati") through Cincinnati's registered insurance broker, Swingle. *See* Amended Complaint, ¶ 12. Plaintiff further alleges that on March 17, 2020, Plaintiff, through Swingle, provided a notice of claim under the Policy to Cincinnati's agent for notice of claims. *See id.*, ¶ 33.

Plaintiff asserts that Swingle Collins and Cass are "all proper parties to [Plaintiff's] declaratory judgment action because all the Defendants could be impacted by a determination that the Policy sold to Plaintiff does not in fact provide the coverages that Plaintiff sought and believed it acquired." *See id.* at ¶ 53, n. 2. Plaintiff further alleges that Swingle "negligently misrepresented that the subject Policy would cover the sort of loss that [Plaintiff] has incurred. In particular, Swingle represented that business interruption insurance would kick in in the event its restaurants were ever closed." *See id.* at ¶ 90. Plaintiff further alleges that Swingle purported "negligently misrepresented the Policy coverages to Vandelay," that "Swingle provided the false information of the guidance of Vandelay in its business decisions," and that "Swingle did not exercise reasonable care of competence in obtaining or communicating the information to Vandelay." *See id.* Plaintiff alleges that it has suffered pecuniary loss by "justifiably relying upon the representations and omissions of Swingle." *See id.* at ¶ 91.

## ARGUMENTS AND AUTHORITIES

### A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). In order to withstand a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

Under this rubric, dismissal is proper if the plaintiff's complaint (1) does not include a cognizable legal theory or (2) includes a cognizable legal theory but fails to plead enough facts to state a claim for relief that is plausible on its face. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 737–38 (S.D. Tex. 1998).

Further, to withstand a motion brought under Rule 12(b)(6), a plaintiff must allege "more than an unadorned, the 'defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Indeed, a plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to defeat a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  Such generic allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.  *Iqbal*, 129 S. Ct. at 1950.

In *Iqbal*, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not [sufficient]" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 1949.  In evaluating whether a plaintiff has met the pleading requirements under Rule 12(b)(6) a district court must identify "the 'nub' of the…complaint - the well-pleaded, nonconclusory factual allegation[s]." *Id.*  "[O]nly a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." *Id.* at 1950.  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that the

**DEFENDANT SWINGLE COLLINS COMPANY, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**  **PAGE 4**

substance of its claims go "across the line from conceivable to plausible." *Id.* at 1949; *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-666 (7th Cir. 2013).

**B.**    **Plaintiff's Declaratory Judgment Claim is Barred against Swingle Collins.**

Plaintiff's claim for declaratory relief is redundant and adds nothing to the lawsuit. District courts have broad discretion to "entertain a declaratory judgment action under the Federal Declaratory Judgment Act." *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 2017 WL 998533, at *27 (N.D.Tex. Mar. 15, 2017) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) (holding that the Texas Declaratory Judgments Act is inapplicable to declaratory judgment actions in federal court)). If a court finds that a "request for declaratory judgment adds nothing to an existing suit, it need not be permitted." *See McKinney/Pearl*, 2017 WL 998533, at *27.

In fact, under Federal Rule 12(b)(6), "courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims of the lawsuit." *See Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008); *see also Metro. Life Ins.*, 2017 WL 998533, at *27 (dismissing a declaratory judgment claim that "concerned Defendants' alleged breach" of a contract when plaintiffs also brough a breach of contract claim); *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *3 (N.D.Tex. Uune 21, 2007); *Albritton Props. v. Am. Empire Surplus Lines, Ins. Co.*, 2005 U.S. Dist. LEXIS 7330 (N.D.Tex. Apr. 25, 2005) (dismissing a declaratory judgment claim related to the "rights and obligations" under an insurance policy because the court would already "establish the parties' rights and duties" under the insurance policy in resolving a pending breach of contract claim). Accordingly, the Court should dismiss Plaintiff's declaratory judgment as against all Defendants,

as the declaratory relief sought is duplicative and redundant with Plaintiff's substantive claims asserted against Cincinnati. *See Albritton*, 2005 U.S. Dist. LEXIS 7330.

The declaratory judgment action request relates entirely to the issue of disputed coverage as between Vandelay—the insured—and Cincinnati, the insurer. None of the requested findings under the declaratory judgment claim relate in any way to communications, correspondence, or alleged errors or omissions by Swingle Collins or its agent, Mr. Cass. *See* Amended Complaint, ¶¶ 51-59. Indeed, there is no dispute over the relative rights and obligations of Vandelay *vis a vis* either Swingle Collins or Mr. Cass, ripe for a declaratory judgment action.

Accordingly, because none of Plaintiff's declaratory judgment requests mention or impact Swingle Collins, the Court should dismiss the declaratory judgment claim as against Swingle Collins.

### C. Plaintiff's Negligent Misrepresentation Claim is Barred as a Matter of Law.

Plaintiff attempts to plead in the alternative a negligent misrepresentation claim against Swingle Collins, despite the absence of any allegation in the Amended Complaint that Swingle Collins made any representation—or misrepresentation—regarding the scope of coverage of the subject Policy, or whether business interruption coverage would apply in the event of a widespread virus of global pandemic.

To state a cause of action for negligent misrepresentation under Texas law, Plaintiff must allege facts showing: (1) Swingle Collins made a representation in the course of its business, or in a transaction in which it has a pecuniary interest; (2) Swingle Collins supplied "false information" for the guidance of Plaintiff in their business; (3) Swingle Collins did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiff suffered pecuniary loss by justifiably relying on the representation. *See Clardy Manufacturing*

*Company v. Marine Midland Business Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (citing *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442, 35 Tex. Sup. Ct. J. 184 (Tex. 1991)), cert. denied, 519 U.S. 1078, 136 L. Ed. 2d 679, 117 S. Ct. 740 (1997).

Plaintiff fails to allege with any specificity <u>any</u> purported representation by Swingle Collins or its agents regarding the scope of coverage of the subject Policy. Plaintiff does not identify who from Swingle Collins made such purported misrepresentations; when such misrepresentations occurred; to whom from Plaintiff such misrepresentations were made; or where or why such "misrepresentations" were made. Indeed, Plaintiff merely recites that element with no factual backing or basis, which is insufficient as a matter of law. *Iqbal*, 129 S. Ct. at 1949.

Plaintiff also merely recites elements (2) and (3) and does not provide any factual background or basis for its allegations against Swingle Collins. In particular, there is no allegation regarding the specific "false information" provided by Swingle Collins to Plaintiff. The barebones pleading does not provide Swingle Collins with any notice of a plausible claim against it, such that Swingle Collins could even investigate the purported "false information" it is alleged to have given Plaintiff at some point in time.

Plaintiff's negligent misrepresentation claim lastly fails because Plaintiff does not plead and prove justifiable reliance. This requirement has two aspects: "the plaintiff must in fact have relied; and this reliance must have been reasonable." *Geosearch, Inc. v. Howell Petroleum Corporation*, 819 F.2d 521, 526 (5th Cir. 1987) (applying Texas law). Plaintiff has not provided any factual allegations to show that it justifiably relied on Swingle Collins' alleged misrepresnetations. The only allegations in the Amended Complaint relate to reliance upon information in the subject Policy itself, which Cincinnati issued. Plaintiff has not shown, and cannot show, any direct reliance on Swingle Collins in procuring the policy, and any indirect

reliance would also fail as a matter of law for the same reason. Accordingly, Plaintiff's negligent misrepresentation claim against Swingle Collins fails as a matter of law.

**D.      The Negligent Misrepresentation Claim is Barred by the Economic Loss Rule.**

     **1.      Plaintiff's Negligent Misrepresentation Claim Seeks Recovery of the Same Economic Losses Sought Under the Subject Policy.**

A plaintiff who seeks only to recover for the loss or damage to the subject matter of a contract, such as the subject Policy, cannot maintain a tort action against a defendant. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)[1]. Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim. *Trans-Gulf Corp. v. Performance Aircraft Servs., Inc.*, 82 S.W.3d 691, 695 (Tex. App. – Eastland 2002, no pet.).

Texas courts have addressed the application of the economic loss rule to negligent misrepresentation claims. Such a claim fails unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim. *D.S.A. Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998). The burden is on the plaintiff claiming negligent misrepresentation to provide evidence of this independent injury. *Id*. Texas courts have adopted the independent injury requirement of Section 552B of the Restatement (Second) of Torts for negligent misrepresentation claims. While benefit of the bargain damages are available for breach of contract, under Section 552B, such damages are **not** recoverable for a negligent misrepresentation:

> (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is legal cause, including:
>
> (a) the difference between the value of what he has received in the transaction

---

[1] Federal courts sitting in diversity, such as the instant Court, must apply the substantive law of the forum state. *See Learmonth v. Sears, Roebuck & Co.*, 732 F.3d 249, 258 (5th Cir. 2013). In this case, Texas law controls the substantive arguments contained in the instant brief.

>> and its purchase price or other value given for it; and
>
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
>
> (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

*See* RESTATEMENT (SECOND) OF TORTS § 552B (1977). Accordingly, if a negligent misrepresentation claim only seeks benefit of the bargain damages, instead of those damages permitted for negligent misrepresentation, (1) a plaintiff cannot establish an independent injury that is distinct from the economic losses recoverable under a breach of contract claim and (2) the economic loss rule bars any recovery of these damages under the negligent misrepresentation claim. *D.S.A. Inc.,* 973 S.W.2d at 664.

The holding in *Sterling Chems., Inc. v. Texaco, Inc.* directly applies here. The plaintiff in *Sterling* claimed Texaco made a number of representations related to its proprietary gasification technology in connection with a proposal to build and operate an acetic acid production plant. The plaintiff further alleged individuals from Texaco made a number of representations regarding Texaco's experience and reliability, the support the company provided to its licensees, and the anticipated performance of its products. 259 S.W.3d 793, 795 (Tex. App. Houston 1st Dist. 2007). Finally, plaintiff claimed that it entered into an agreement with third party Praxair Hydrogen Supply, Inc. to build a facility based on Texaco's representations. *Id.* When the plant did not operate as intended, plaintiff filed suit, asserting a claim for negligent misrepresentation against Texaco and seeking damages for "business interruption." *Id.* at 796. The *Sterling* court held that the economic loss rule barred plaintiff's claim for negligent misrepresentation against Texaco, because plaintiff failed to meet its burden of establishing that it suffered an injury that was distinct,

separate, and independent from the economic losses recoverable under a breach of contract claim. *Id.*

Plaintiffs have not asserted an independent injury as required by Section 552 of the Restatement and *Sterling*. In fact, the opposite is true. Plaintiff alleges that the purported misrepresentations by Swingle Collins and its agent have caused it pecuniary loss in the form of denied coverage of business interruption losses under the subject Policy. This is the *same* measure of damages available to Plaintiff for breach of contract against Cincinnati.

As the court held in *Mistletoe Express Service v. Locke:*

> It is a general rule that the victim of a breach of contract should be restored to the position he would have been in had the contract been performed. Determining that position involves finding what additions to the injured party's wealth have been prevented by the breach and what subtractions from his wealth have been caused by it. [Citation.] **Where the contract requires a capital investment by one of the parties in order to perform, that party's reasonable expectation of profit includes recouping the capital investment.** The expending party would not be in as good a position as if the contract had been performed if he is not afforded the opportunity, i.e., the full contract term, to recoup his investment. [Citation.] To recover these expenditures they must have been reasonably made in performance of the contract or in necessary preparation.

762 S.W.2d 637, 638 (Tex. App. Texarkana 1988). Pursuant to *Sterling Chems.* and *Mistletoe Express,* among others, Plaintiff's negligent misrepresentation claim must be dismissed, as it is barred by the economic loss rule. *See Sterling Chems., Inc.,* 259 S.W.3d at 797-798 (holding plaintiff could not recover under negligent misrepresentation theory when no "reliance damages" were alleged, but only benefit of the bargain damages.)

> 2. **The Economic Loss Rules Applies to Parties Not in Contractual Privity, Such As Plaintiffs and Mr. Longstreet.**

Texas courts consistently apply the economic loss rule to preclude tort claims between parties not in contractual privity. See *Sterling Chems., Inc.,* 259 S.W.3d at 797; *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282, 285--90 (Tex. App.--Houston [14th

Dist.] 2000, no pet.); *Hininger v. Case Corp.*, 23 F.3d 124, 126--27 (5th Cir. 1994). For example, in *Trans-Gulf Corp*, the purchaser of an airplane brought claims against a contractor who had been hired by the airplane's seller, as well as a subcontractor hired by that contractor, to perform repair work. 82 S.W.3d at 693. The purchaser alleged that the contractors, with whom the purchaser had no contractual relationship, used improper sealant, and asserted negligence claims against them. *Id*. The court found the purchaser's tort claims for economic losses against these "contractual strangers" were barred by the economic loss doctrine. *Id*. at 695.

Further, in *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103 (Tex. App. – Houston [14th Dist.] 2000, no pet.), an oil and gas company contracted with a geological contractor to assist it in choosing a drilling site. *Id.* at 106-07. The contractor used defective computer software, resulting in the drilling of a dry well. *Id.* at 107. The oil and gas company sued in negligence to recover its economic losses against the software developer, with whom it had no contractual relationship. *Id*. Rejecting the argument that the software developer owed the oil and gas company a duty in tort, the court held that the economic loss doctrine precluded the oil and gas company's negligence claims against the software developer. *Id.*

In similar fashion, the economic loss rule bars Plaintiff's claims against Swingle Collins. With no contractual privity, Plaintiff seeks recovery for alleged losses that are the subject matter of the subject Policy between Plaintiff and Cincinnati. Application of the economic loss rule is particularly appropriate in instances in which there is no contractual relationship between the parties, and therefore permitting the plaintiff to sue a contractual stranger for consequential damages for failures arising from the contract would "disrupt the risk allocations that [plaintiff] bargained for in its contract" with another party. *See Sterling Chems., Inc.,* 259 S.W.3d at 799-800.

The economic losses claimed in this lawsuit were the subject matter of the agreement between Plaintiff and Cincinnati. Plaintiff had no privity of contract with Swingle Collins or its agent, Mr. Cass. In *Hininger v. Case Corp.,* 23 F.3d 124, 127 (5th Cir. 1994), the court held, "Implicit in the [economic loss rule] is the policy judgment that in a commercial context the possibility of an inadequate recovery" does not "justify permitting a tort recovery that will allow a purchaser to reach back up the product and distribution chain, thereby disrupting the risk allocations that have been worked out in the transactions compromising that chain." The same rationale applies in the instant case – the possibility of inadequate recovery under the subject Policy does not justify permitting recovery against Swingle Collins or its agent, Mr .Cass.

## CONCLUSION

Swingle Collins is entitled to dismissal of all of Plaintiff's claims as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6). There is no scenario in which Plaintiff can replead a plausible claim against Swingle Collins or its agent, Mr. Cass, and accordingly, no leave to amend is appropriate. Accordingly, for the reasons stated above, Defendant Swingle Collins Company, LLC, prays that all of Plaintiff's claims be dismissed with prejudice pursuant to Rule 12(b)(6), and for such other and further relief to which it may be entitled.

Respectfully submitted,

**GORDON & REES LLP**

*/s/ Robert A. Bragalone*
**ROBERT A. BRAGALONE**
State Bar No. 02855850
BBragalone@grsm.com
**NATHAN D. PEARMAN**
State Bar No. 24074872
NPearman@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANT
SWINGLE COLLINS COMPANY, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system in compliance with Local Rule 5.1. As such, this document is being served on all counsel of record, each of whom has consented to electronic service under Local Rule 5.1(f).

*/s/ Nathan D. Pearman*
Nathan D. Pearman