IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDELAY HOSPITALITY GROUP LP D/B/A HUDSON HOUSE, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:20-CV-1348-D |
| VS. | § § | |
| THE CINCINNATI INSURANCE COMPANY, et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed action involving claims related to business interruption insurance coverage for the COVID-19 pandemic, plaintiff Vandelay Hospitality Group LLC d/b/a Hudson House ("Vandelay")[1] moves to remand, contending that the Texas citizenship of two defendants precludes removal based on diversity of citizenship. Defendants The Cincinnati Insurance Company ("Cincinnati"), Swingle Collins Company, LLC ("Swingle Collins"), and Baron Cass ("Cass") oppose the motion, arguing that Swingle Collins and Cass (the Texas defendants) have been improperly joined. Swingle Collins separately moves to

---

[1]In Vandelay's amended petition, it refers to itself as "Vandelay Hospitality Group LP d/b/a Hudson House." But as defendants note without dispute in their amended notice of removal, Vandelay is "conducting business in Texas as a limited liability company even though Plaintiff names itself in state court pleadings as a limited partnership." Am. Not. Removal. 2. Defendants cite a certificate of merger that was filed with the Texas Secretary of State that demonstrates that Vandelay Hospitality, LP merged into Vandelay Hospitality, LLC. The court will therefore refer to, and treat, Vandelay as a limited liability company for the purposes of deciding whether it has diversity jurisdiction.

dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court denies Vandelay's motion to remand and grants Swingle Collins' motion to dismiss.

I

Vandelay purchased a commercial property insurance policy ("Policy") from Cincinnati through Swingle Collins, its registered insurance broker. The Policy—an "all risk" policy—purports to insure three of Vandelay's restaurants. The Policy allegedly provides broad coverage for losses, including direct physical loss and those incurred due to business interruptions, for the period July 6, 2019 through July 6, 2020.

On March 12, 2020 the Governor of the State of Texas declared a state of disaster due to the COVID-19 pandemic. The same day, the County Judge of Dallas County issued an order declaring a state of local disaster. The County Judge's order was amended on March 16, 2020 to prevent the spread of COVID-19 in Dallas, prohibited access to any premises operated as dine-in restaurants, and solely permitted take-out dining services. On March 17, 2020 Vandelay announced that it would close all three restaurants until authorities determined that the danger from COVID-19 had passed. The same day, Vandelay provided a notice of claim under the Policy to Cincinnati's agent through Swingle Collins. On March 23, 2020 Cincinnati's agent submitted a reservation of rights letter to Vandelay, indicating that the COVID-19 pandemic, without more, would not constitute direct physical loss or damage to property sufficient to trigger coverage under the Policy.

Vandelay sued Cincinnati and Cass on April 23, 2020 in state court, alleging claims

for, *inter alia*, breach of contract, and seeking a declaratory judgment that the Policy covers the claimed losses. On May 21, 2020 Vandelay amended its petition to join Swingle Collins, an insurance broker and Cass's employer, as a defendant. In the first amended petition, Vandelay brings an alternative claim against Swingle Collins for negligent misrepresentation. Vandelay alleges that "should this Court find that the Policy does not cover Vandelay's claims, Vandelay alleges that [Swingle Collins] negligently misrepresented that the subject Policy would cover the sort of loss that Vandelay has incurred[.]" Am. Pet. ¶ 90. The amended petition also alleges in a footnote that all "Defendants are . . . proper parties to this declaratory judgment action because all the Defendants could be impacted by a determination that the Policy sold to Plaintiff does not in fact provide the coverages . . . Plaintiff sought." *Id.* at ¶ 53 n.2.

Vandelay is limited liability company whose three members are all Texas citizens and is therefore a Texas citizen. Cincinnati is an Ohio corporation with its principal place of business in Ohio and is therefore an Ohio citizen. Swingle Collins is a limited liability company with a single member (Frank Swingle), who is a Texas citizen, and is therefore a Texas citizen. Cass is a Texas citizen based on his Texas citizenship.

On May 26, 2020 Cincinnati, with the consent of Cass, removed the case to this court based on diversity of citizenship, contending that Cass was fraudulently (i.e., improperly) joined. Vandelay did not serve Swingle Collins with the amended petition until May 29, 2020. On June 12, 2020 Swingle Collins filed the instant Rule 12(b)(6) motion to dismiss for failure to state a claim. Four days later, Vandelay filed the instant motion to remand,

contending that because Swingle Collins and Cass are both Texas citizens, the parties are not completely diverse and the court lacks subject matter jurisdiction. Both motions are now ripe for consideration.[2]

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action

---

[2]The court denies Cincinnati's August 7, 2020 motion for leave to file a surreply.

properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue here—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery" (emphasis omitted)). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

- 5 -

> [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at

- 6 -

679 (brackets omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2),[3] a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions."  *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

The court now turns to the question whether the two in-state defendants have been improperly joined.

### A

Vandelay contends that, "[e]ven assuming Cincinnati met its burden" to demonstrate improper joinder "[as] to Cass, this matter must be remanded because Cincinnati did not make any allegation as to [Swingle Collins] and its citizenship" in its notice of removal.  P. Br. 1.  In Vandelay's view, it has stated valid claims against Swingle Collins for declaratory judgment and negligent misrepresentation.

Defendants respond that the joinder of Swingle Collins as a defendant does not defeat

---

[3]To the extent there is a dispute about whether Rule 8(a) or Rule 9(b) governs the pleading standard in this case, the court concludes that Rule 8(a) controls.  "Rule 9(b) applies to negligent misrepresentation claims only when the plaintiff fails to distinguish negligent misrepresentation claims from fraud claims. . . .  Here, Plaintiff has not alleged a fraud claim.  Therefore, the heightened pleading standard of Rule 9(b) does not apply."  *Tex. Spine & Joint Hosp., Ltd. v. Blue Cross & Blue Shield of Tex.*, 2015 WL 13649419, at *3 (E.D. Tex. May 28, 2015).

diversity jurisdiction because Swingle Collins "was not served with the Amended [Petition] at the time of removal on May 26, 2020," thus precluding the court from considering Swingle Collins' citizenship for purposes of "determining remand." Ds. Resp. 8. Defendants contend that, if the court does consider the allegations against Swingle Collins when deciding the motion to remand, Vandelay has failed to state a claim for negligent misrepresentation because it "does not identify any misrepresentations made by Swingle Collins or its agents regarding the scope of coverage of the subject Policy." *Id.* at 12. Defendants also refer to Swingle's Rule 12(b)(6) motion to dismiss and assert that, for the reasons stated in that motion (i.e., that Vandelay's claim is barred by the economic loss rule), Swingle Collins has been improperly joined. *Id.* at 2. As to both Swingle Collins and Cass, defendants maintain that Vandelay's declaratory judgment claim is "unavailable" because it "is duplicative of the determination of the parties' respective rights . . . under the Policy under the breach of contract claim[.]" *Id.* at 11.

Vandelay replies that "[d]iversity jurisdiction is determined by the face of the complaint, not by which defendants have been served." P. Reply 6. And in Vandelay's response to Swingle Collins' motion to dismiss, it posits that "the economic loss rule is inapplicable" because Swingle Collins owes it a duty of reasonable care and because Vandelay suffered an injury independent of those recoverable under a breach of contract claim. P. Resp. 11. Vandelay maintains that, because "Swingle Collins and Cass customarily sold similar all-risk insurance Policies to other customers, . . . they are proper parties in this declaratory judgment action." *Id.* at 7.

- 8 -

B

As a preliminary matter, the court concludes that, contrary to Vandelay's assertions, defendants' failure to raise improper joinder as to Swingle Collins in the notice of removal does not "waive" the argument. *See Pharos Cap. Grp., LLC v. Nutmeg Ins. Co.*, 999 F.Supp.2d 947, 953 (N.D. Tex. 2014) (Boyle, J.) ("This Court has previously allowed a defendant to argue for the first time in its response to a motion to remand that diversity existed because the non-diverse party was not a real party in interest." (citing *Lone Star Fund IV (US) LP v. Lee*, 2010 WL 1790392, at *3 (N.D. Tex. May 5, 2010) (Boyle, J.))). "Accordingly, even though it was brought up for the first time in its response to the Motion to Remand, [defendants'] improper joinder argument" as to Swingle Collins "was not waived." *Id.*

And contrary to Swingle Collins' assertions, the fact that Swingle Collins was not served at the time of removal does not preclude the court's consideration of Swingle Collins' citizenship for the purposes of diversity jurisdiction. Indeed, because Swingle Collins is a named defendant in the amended petition filed prior to removal, the court *must* consider Swingle Collins' citizenship to determine whether it has subject matter jurisdiction. *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").[4] For

---

[4] The Fifth Circuit's recent decision in *Texas Brine Co. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020), addressing "snap removal" does not alter this principle.

these reasons, the court must consider the citizenship of both Swingle Collins and Cass and the propriety of their joinder to determine whether this case is removable based on the court's diversity jurisdiction.

IV

The court considers first whether Vandelay could possibly recover on its negligent misrepresentation claim in state court.

A

Under Texas law, a claim for negligent misrepresentation consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered

---

"Snap removal," i.e., "removal prior to service on all defendants," of an "*otherwise removable case*" is permissible "even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 485, 487 (emphasis added). But "snap removal deals with whether [the *procedural* forum-defendant rule] applies when a forum defendant is unserved—not whether there is diversity of citizenship for jurisdictional purposes." *Bingabing v. Estate of Warren*, 2020 WL 3639662, at *2 (N.D. Tex. July 6, 2020) (Boyle, J.). Indeed, "the very issue of snap removal presupposes that the citizenship of the unserved forum defendant matters for determining diversity," *id.*, because a case is not "otherwise removable" unless the court has subject matter jurisdiction over the parties' dispute, *see Texas Brine Co.*, 955 F.3d at 485 (noting that "the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff," and that for this reason, the "snap removal" of the "otherwise removable case" was proper). Here, the parties are not completely diverse and "snap removal" is therefore inapposite. Remand is required if any *named defendant* in the petition is a properly-joined party who is a citizen of the same state as the plaintiff, irrespective of the time of service.

pecuniary loss by justifiably relying on the representation. *TIB–The Indep. BankersBank v. Canyon Cmty. Bank*, 2014 WL 145284, at *5 (N.D. Tex. Jan. 15, 2014) (Fitzwater, C.J.) (citing *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 762 (N.D. Tex. 2012) (Lynn, J.)).

In support of its alternative negligent misrepresentation claim, Vandelay alleges:

> Swingle represented that business interruption insurance would kick in in the event its restaurants were ever closed due to a wide-spread virus or another pandemic such as the COVID-19 [pandemic]. Swingle negligently misrepresented the Policy coverages to Vandelay. Swingle had a pecuniary interest in Vandelay purchasing the Policy coverages. Swingle provided the false information of the guidance of Vandelay in its business decisions, and Swingle did not exercise reasonable care or competence in obtaining or communicating the information to Vandelay. . . . Vandelay has suffered pecuniary loss by justifiably relying upon the representations and omissions of Swingle.

Am. Pet. ¶¶ 90-91. And in its response to Swingle Collins' Rule 12(b)(6) motion to dismiss, Vandelay asserts that it "suffered pecuniary loss because of its justifiable reliance (via the *amount of coverage* it should have been entitled to, and [Vandelay's] factual allegation that it actually purchased the policy with the promised coverages)." P. Resp. 9 (emphasis added).

B

The court concludes that Vandelay has failed to state a negligent misrepresentation claim because the damages it seeks are not available under this claim as a matter of law.

"Texas courts have held that benefit of the bargain damages are not recoverable in a claim for negligent misrepresentation." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449,

- 11 -

454 (5th Cir. 2001) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663 (Tex. 1998)). "In Texas negligent misrepresentation actions the plaintiff can recover only the amount necessary to compensate for direct pecuniary loss." *Id.* (citing *Metro. Life Ins. Co. v. Haney*, 987 S.W.2d 236, 246 (Tex. App. 1999, pet. denied)). The damages recoverable are only those resulting from the plaintiff's justifiable reliance on the misrepresentation, i.e., "reliance damages." "Reliance damages . . . reimburse one for expenditures made towards the execution of the contract in order to restore the status quo before the contract." *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App. 2006, pet. denied) (quoting *Hart v. Moore*, 952 S.W.2d 90, 97 (Tex. App. 1997, pet. denied)) (providing examples of damages recoverable for a negligent misrepresentation claim). They "are measured as the out-of-pocket expenditures made by one party in reliance on the actions of another party, not by the amount of lost profits and sales." *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 798 (Tex. App. 2007, pet. denied) (emphasis omitted)). "The out-of-pocket measure compensates for actual injuries sustained through the plaintiff's parting with something of value; it does not compensate for 'loss of profits, a bid not made, and a profit never realized, in a hypothetical bargain never struck.'" *Haney*, 987 S.W.2d at 246.

Here, Vandelay seeks to recover "the amount of coverage" it allegedly should have received under the Policy. P. Resp. 9. The damages Vandelay seeks cannot be classified as "reliance damages" because they are not a measure of "out-of-pocket" expenditures "made towards the execution of the contract in order to restore the status quo before the contract."

- 12 -

*Mays*, 203 S.W.3d at 577. Coverage measures Vandelay's "benefit-of-the bargain" damages, not anything paid "out-of-pocket" in reliance on Swingle Collins' alleged misrepresentations. To the extent Vandelay seeks to recoup damages that *are* recoverable (i.e., out-of-pocket expenses), it has failed to "at least attempt to differentiate the damages sought," which is required "at the pleading stage" for a negligent misrepresentation claim. *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F.Supp.3d 633, 654 (W.D. Tex. 2019) (citing *AT&T Corp. v. Park I-10 Motors*, 2015 WL 150254 (W.D. Tex. Jan. 15, 2015)). Because Vandelay seeks damages that are not recoverable under a negligent misrepresentation claim as a matter of law, the court concludes that Vandelay has failed to plead a plausible negligent misrepresentation claim, and there is therefore no reasonable basis on which the court can conclude that Vandelay could recover on this claim as pleaded in state court.[5] *See Steidl v. BSI Fin. Servs*, 2013 WL 1290132, at *10 (S.D. Tex. Mar. 26, 2013) ("[P]laintiffs' negligent misrepresentation claims are subject to dismissal because plaintiffs have failed to allege facts capable of establishing that they suffered out-of-pocket as opposed to benefit-of-the-bargain damages.").

---

[5] Because the court concludes that Vandelay has failed to state a claim for negligent misrepresentation, it need not address the parties' arguments regarding application of the economic loss rule.

V

The court considers next whether Vandelay has pleaded a plausible declaratory judgment claim[6] as to Swingle Collins or Cass.

A

> A declaratory judgment, however, is appropriate only if (1) a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought. A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a theoretical dispute.

*Miller v. Giesecke & Devrient Am., Inc.*, 2007 WL 518557, at *4 (N.D. Tex. Feb. 20, 2007) (Fitzwater, J.) (quoting *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App. 1998, no pet.)); *see id.* at *5 (holding there was no improper joinder where party "ha[d] not shown that there is no reasonable basis for this court to predict that [plaintiff] might be able to obtain a [declaratory] judgment."). In other words, "[w]hat is necessary is that there be a justiciable controversy as to the rights and status of the parties—a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute—and the controversy will be resolved by the declaration sought." *Id.* at *4.

---

[6]Generally, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act." *Ondova Ltd. v. Manila Indus., Inc.*, 513 F.Supp.2d 762, 775 n.12 (N.D. Tex. 2007) (Fitzwater, J.). But "where the question is improper joinder, the Court asks whether there is a reasonable basis for predicting that *state law* might impose liability against any non-diverse defendants. *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 709 n.4 (N.D. Tex. 2011) (Lynn, J.) (citation omitted). "Thus, here the Court must analyze the claim under the Texas Declaratory Judgment Act." *Id.* (citing *Ondova*, 513 F.Supp.2d at 775 n.12).

- 14 -

Nevertheless, "[b]ecause the purpose of a declaratory judgment is remedial and determines the parties' rights[,] . . . duplicative relief . . . may [not] be sought in a declaratory judgment." *RayMax Mgmt., L.P. v. Am. Tower Corp.*, 2016 WL 4248041, at *4 (Tex. App. 2016, pet. denied) (mem. op.) (holding that declaratory relief was "unavailable . . . as a matter of law," in part because "the relief sought in the declaratory-judgment claim [was] duplicative of the trespass claim"). In other words, under Texas law, a "trial court err[s] by granting . . . declaratory relief" where the declarations sought "duplicate[] the issues already before the trial court[.]" *City of Justin v. Rimrock Enters., Inc.*, 466 S.W.3d 269, 289 (Tex. App. 2015, pet. denied).

B

1

Vandelay seeks declarations that (1) the Policy is an all-risk commercial property insurance Policy and that it provides coverage for business income losses and extra expenses; (2) that the forced closures of the insured restaurants' premises is a prohibition of access to their premises and covered as defined in the Policy; (3) that Vandelay sustained "direct loss to property" because of COVID-19 and the related state and local orders; and (4) that the lost business income it sustained and continues to sustain is due to the necessary suspension of their operations. *See* Am. Pet. ¶¶ 54-57. But each of the declarations sought will be "resolved in the context of [Vandelay's] breach of contract action[][.]" *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (Fitzwater, J.).

In fact, the declarations that Vandelay seeks track Vandelay's anticipatory

breach/repudiation claim:

> Vandelay and Cincinnati have a valid agreement. Plaintiff has an all-risk commercial property insurance Policy No. ECP0495629 issued by Defendant Cincinnati. . . . The Policy provides for coverage for losses to business income and for extra expenses. The Policy provides that . . . Cincinnati will pay for the actual loss of business income due to the necessary suspension of operations. The Policy also provides that . . . Cincinnati will pay for any necessary expenses that Plaintiff incurs that it would not have occurred had there been no loss of the insured property. Plaintiff's all-risk commercial insurance Policy provides for coverage for suspension of business operations due to closures caused by the action of civil authorities.

Am. Pet. ¶¶ 61, 63-66. In other words, "the declaratory relief sought would add nothing to the action in that the request mirrors [Vandelay's] claims and duplicates [its] own claim for breach of contract." *Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016) (McBryde, J.) (collecting cases). Because the court's adjudication of the breach of contract claim will necessarily determine whether there is coverage and thereby determine all parties' rights with respect to the Policy and any claims arising out of its formation, the declaratory judgment claims are duplicative and therefore "unavailable as a matter of law." *RayMax Mgmt.*, 2016 WL 4248041, at *4.

2

Moreover, even if the court assumes *arguendo* that the declaratory judgment and contract claims are not duplicative, the court would nevertheless conclude that the declaratory judgment claims do not render Swingle Collins and Cass proper parties. The only basis for which Vandelay asserts that Swingle Collins and Cass are "proper parties to

- 16 -

this declaratory judgment action" is that they "could be impacted by a determination that the Policy sold to [Vandelay] does not in fact provide the coverages that [Vandelay] sought and believed it acquired." Am. Pet. ¶ 53 n.2. But the fact "[t]hat the declarations, if granted, might incidentally affect [Swingle Collins and Cass] is not relevant for diversity jurisdiction." *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 710 (N.D. Tex. 2011) (Lynn, J.) (citing *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.)).

This is particularly the case as to Cass, against whom Vandelay has not even suggested any wrongdoing "for which [he] could be held liable in a Texas court." *Pesch v. First City Bank of Dall.*, 637 F. Supp. 1530, 1538 (N.D. Tex. 1986) (Fitzwater, J.). Cass's presence, essentially as a nominal defendant against whom no cause of action has been asserted, cannot defeat diversity jurisdiction. *See, e.g., Titan Aviation, LLC v. Key Equip. Fin., Inc.*, 2006 WL 3040923, at *2 (N.D. Tex. Oct. 26, 2006) (Fitzwater, J.) (disregarding a party's citizenship where the declaratory judgment "involve[d]" the party but against whom plaintiff had not pleaded a cause of action and whose conduct did not form the underlying conduct that would give rise to declaratory relief). In other words, if declaratory relief were to be "granted in this case against [Cass], it will be because of the underlying []conduct of [Cincinnati] and based on a cause of action asserted against [it]," not Cass. *Id.* at *3.

Thus whether because the declaratory judgment claim is duplicative and fails as a matter of law, or because the declarations sought only incidentally impact Swingle Collins and Cass, the court concludes that defendants have met their burden of demonstrating that

- 17 -

there is no reasonable basis for predicting that Vandelay might be entitled to a declaratory judgment in state court.

VI

Cincinnati's June 2, 2020 motion to dismiss is still pending and will be decided in due course. Cincinnati's July 24, 2020 motion to extend time to file a reply to plaintiff's opposition to Cincinnati's motion to dismiss is granted, and Cincinnati's reply filed on July 24, 2020 will be considered by the court.

The following motions are granted to the extent that the court has or will consider the responses on file and are otherwise denied without prejudice as moot: Vandelay's June 15, 2020 motion to extend time to respond to defendants' motions to dismiss, and Vandelay's June 19, 2020 unopposed motion to extend time for plaintiff to respond to defendants' motions to dismiss.

\* \* \*

Having concluded that there is no reasonable basis for recovery against Swingle Collins and Cass, the court denies Vandelay's motion to remand. And because Vandelay has failed to state a plausible claim upon which relief may be granted as to Swingle Collins, the

court grants its motion to dismiss and dismisses Vandelay's action against it without prejudice.

**SO ORDERED**.

August 18, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE