IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDELAY HOSPITALITY GROUP LP D/B/A HUDSON HOUSE, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | Civil Action No. 3:20-CV-1348-D |
| THE CINCINNATI INSURANCE COMPANY, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant The Cincinnati Insurance Company ("Cincinnati") moves under Fed. R. Civ. P. 12(b)(6) to dismiss this action by plaintiff Vandelay Hospitality Group LLC d/b/a Hudson House ("Vandelay") to recover under an "all risk" commercial property insurance policy ("Policy") for losses to three of its restaurants caused by the COVID-19 pandemic.[1]

---

[1]Cincinnati's briefing is defective due to its failure to comply with N.D. Tex. Civ. R. 7.2(e), which provides:

> [i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary materials on which the party relies to support or oppose the motion.

For example, at page 3 of its motion to dismiss, Cincinnati cites a provision of the pertinent insurance policy as "FA 213 05 16 at p. 1," when the correct citation (which the court was forced to find on its own) is probably "D. App. 111." The reply brief is similarly defective. Although the court has not stricken either pleading or required that either be amended, Cincinnati must comply with the local civil briefing rules in future filings.

In this narrow decision, the court grants the motion but allows Vandelay to replead.[2]

I

Vandelay has failed to plead a plausible breach of contract claim in its state-court first amended petition ("amended petition"). Vandelay acknowledges in its response to the motion to dismiss that it must plausibly plead a direct physical loss or damage to recover for breach of contract. *See, e.g.*, P. Resp. 6 (recognizing that "Plaintiff must show that Plaintiff's properties plausibly sustained 'direct physical loss or damage' to entitle them to coverage under the Policy."). But the allegations of the amended petition—not the contents of Vandelay's response to Cincinnati's motion to dismiss—are what count when determining whether Vandelay has pleaded a plausible claim.[3] And those allegations, *see* Am. Pet. ¶¶ 38-46, are factually conclusory and/or legal conclusions and are therefore inadequate to plead a plausible claim for breach of contract. Without suggesting a view on whether Vandelay can plead a plausible breach of contract claim if allowed to amend, the court grants

---

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]This court has repeatedly held that, when ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint. *See Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019) (Fitzwater, J.) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Roubinek v. Select Portfolio Servicing Inc.*, 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.)); *see also Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint.").

Cincinnati's motion to dismiss the breach of contract claim asserted in Vandelay's amended petition.

II

Vandelay has also failed to plead plausible claims as to its other causes of action.

A

Regarding the claim that Cincinnati violated the Prompt Payment Act, Tex. Ins. Code Ann. § 542.055 *et seq.* ("TPPCA"), by failing to promptly pay Vandelay's claim, "an insurer is not subject to TPPCA damages for delayed payment unless it was subject to a payment deadline because it owed benefits under the policy." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 823 (Tex. 2019). Because Vandelay has failed to plausibly plead that Cincinnati owed benefits under the Policy, Vandelay has also failed to plausibly plead a claim under the TPPCA.

B

As for Vandelay's claim that Cincinnati violated various provisions of Chapters 541 and 542 of the Texas Insurance Code, the general rule is that an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). Because Vandelay has not plausibly pleaded that it is entitled to policy benefits, it has also failed to plausibly allege a claim for violations of the Texas Insurance Code.

C

Vandelay's claim for breach of the duty of good faith and fair dealing also fails. "The standard for common law breach of the duty of good faith and fair dealing is the same as that for statutory [claims under the Texas Insurance Code]." *Jaramillo v. Liberty Mut. Ins. Co.*, 2019 WL 8223608, at *8 n. 9 (N.D. Tex. Apr. 29, 2019) (Means, J.) (citing *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005)). Because Vandelay has failed to plausibly allege a violation of the Texas Insurance Code, it has also failed to plausibly allege a breach of the duty of good faith and fair dealing.

D

Finally, Vandelay's declaratory judgment claim must also be dismissed.

1

Vandelay seeks declarations (1) that the Policy is an all-risk commercial property insurance policy and that it provides coverage for business income losses and extra expenses; (2) that the forced closures of the insured restaurants' premises is a prohibition of access to their premises and covered as defined in the Policy; (3) that Vandelay sustained "direct loss to property" because of COVID-19 and the related state and local orders; and (4) that the lost business income it sustained and continues to sustain is due to the necessary suspension of their operations. *See* Am. Pet. ¶¶ 54-57. These declarations track Vandelay's breach of contract claim.[4] For the same reasons that Vandelay has failed to plausibly allege breach of

---

[4]The amended petition alleges:

the Policy, it has also failed to plausibly allege a declaratory judgment claim.

2

Even had Vandelay alleged a plausible claim for breach of the Policy, its declaratory judgment claim is still subject to dismissal.

"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.). The declaratory judgment that Vandelay seeks overlaps with the allegations underlying its contract claim and will be "resolved in the context of [Vandelay's] breach of contract action[][.]" *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (Fitzwater, J.) (citation omitted). Accordingly, Vandelay's declaratory judgment claim is subject to

---

> Vandelay and Cincinnati have a valid agreement. Plaintiff has an all-risk commercial property insurance Policy No. ECP0495629 issued by Defendant Cincinnati. . . . The Policy provides for coverage for losses to business income and for extra expenses. The Policy provides that . . . Cincinnati will pay for the actual loss of business income due to the necessary suspension of operations. The Policy also provides that . . . Cincinnati will pay for any necessary expenses that Plaintiff incurs that it would not have occurred had there been no loss of the insured property. Plaintiff's all-risk commercial insurance Policy provides for coverage for suspension of business operations due to closures caused by the action of civil authorities.

Am . Pet. ¶¶ 61, 63-66.

dismissal as well. *See Kougl v. Xspedius Mgmt. Co. of Dall./Fort Worth, L.L.C.*, 2005 WL 1421446, at *4 (N.D.Tex. June 1, 2005) (Fitzwater, J.) (dismissing claims for declaratory relief when they would be resolved in context of breach of contract actions); *Landscape Design & Constr., Inc. v. Transport Leasing/Contract, Inc*., 2002 WL 257573, at *10 (N.D. Tex. Feb.19, 2002) (Fitzwater, J.) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

### III

The court grants Vandelay leave to replead. First, Vandelay filed its amended petition under the Texas pleading rules that applied before the case was removed. It should be given an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case). Second, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because Vandelay has not stated that it cannot, or is unwilling to, cure the defects that the court has identified, the court grants it 28

days from the date this memorandum opinion and order is filed to file a second amended complaint.

**SO ORDERED**.

October 7, 2020.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE