IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDELAY HOSPITALITY GROUP LP D/B/A HUDSON HOUSE, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-CV-1348-D |
| VS. | § § | |
| THE CINCINNATI INSURANCE COMPANY, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant The Cincinnati Insurance Company ("Cincinnati") moves under Fed. R. Civ. P. 12(b)(6) to dismiss this action by plaintiff Vandelay Hospitality Group LLC d/b/a Hudson House ("Vandelay") to recover under an "all risk" commercial property insurance policy ("Policy") for losses to three of its restaurants caused by the COVID-19 pandemic. For the reasons explained, the court grants the motion but grants Vandelay leave to replead.

I

In *Vandelay Hospitality Group LP v. The Cincinnati Insurance Co.* ("*Vandelay I*"), 2020 WL 5946863 (N.D. Tex. Oct. 7, 2020) (Fitzwater, J.), the court dismissed Vandelay's state-court first amended petition for failure to plead a plausible breach of contract claim because Vandelay failed to allege facts demonstrating that it suffered a direct physical loss or damage to its restaurants, but it granted Vandelay leave to amend. *Id.* at *1. After

Vandelay filed a second amended complaint ('amended complaint"),[*] Cincinnati filed the instant motion to dismiss for failure to state a claim on which relief can be granted.

II

Taking all well-pleaded facts as true and viewing them in the light most favorable to Vandelay, the amended complaint alleges that COVID-19 was present in its restaurants and "infected" the premises. *See* 2d Am. Compl. ¶¶ 75-76, ¶ 80. But assuming *arguendo* that Vandelay has sufficiently pleaded that COVID-19 was the source of damage or loss to the premises, it has not adequately alleged that the presence of COVID-19 caused any distinct, demonstrable physical alteration of Vandelay's property so as to trigger coverage under any provision of the Policy. *See Hartford Ins. Co. of Midwest v. Miss. Valley Gas Co.*, 181 Fed. Appx. 465, 470 (5th Cir. 2006) (per curiam) (holding that a physical loss to property requires a distinct, demonstrable, physical alteration of the property); *de Laurentis v. United Servs. Auto. Ass'n*, 162 S.W.3d 714, 722-23 (Tex. App. 2005, pet. denied) (holding that physical loss requires "tangible damage" or "tangible loss"); *Great Am. Ins. Co. of N.Y. v. Compass Well Servs., LLC*, 2020 WL 7393321, at *14 (Tex. App. 2020, no pet. h.) (holding that "an intangible or incorporeal loss that is unaccompanied by a distinct, demonstrable, physical

---

[*]The second amended complaint asserts fifteen causes of action: six breach of contract counts (counts II, IV, VI, VII, X, and XII) based, respectively, on the Policy's Business Income, Civil Authority, Extra Expense, Ingress and Egress, Dependent Property, and Sue and Labor provisions; corresponding claims for declaratory judgment (counts I, III, V, VII, and IX) based on the same provisions; breach of the duty of good faith and fair dealing (count XIII); violation of the Prompt Payment Act, Tex. Ins. Code Ann. § 542.055, *et seq*. ("TPPCA") (count XIV); and violations of various provisions of the Texas Insurance Code chapters 541 and 542 (count XV).

alteration of the property is not considered a direct physical loss."). Without suggesting a view on whether Vandelay can plead a plausible breach of contract claim if allowed another opportunity to amend, the court grants Cincinnati's motion to dismiss Vandelay's breach of contract claims.

### III

Vandelay has also failed to plead plausible claims as to its other causes of action.

### A

Regarding the claim that Cincinnati violated the Prompt Payment Act, Tex. Ins. Code Ann. § 542.055 *et seq.* ("TPPCA"), by failing to promptly pay Vandelay's claim, "an insurer is not subject to TPPCA damages for delayed payment unless it was subject to a payment deadline because it owed benefits under the policy." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 823 (Tex. 2019). Because Vandelay has failed to plausibly plead that Cincinnati owed benefits under the Policy, Vandelay has also failed to plausibly plead a claim under the TPPCA.

### B

As for Vandelay's claim that Cincinnati violated various provisions of Chapters 541 and 542 of the Texas Insurance Code, the general rule is that an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). Because Vandelay has not plausibly pleaded that it is entitled to policy benefits, it has also failed to plausibly allege a claim for violations of the Texas

Insurance Code.

C

Vandelay's claim for breach of the duty of good faith and fair dealing also fails. "The standard for common law breach of the duty of good faith and fair dealing is the same as that for statutory [claims under the Texas Insurance Code]." *Jaramillo v. Liberty Mut. Ins. Co.*, 2019 WL 8223608, at *8 n. 9 (N.D. Tex. Apr. 29, 2019) (Means, J.) (citing *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005)). Because Vandelay has failed to plausibly allege a violation of the Texas Insurance Code, it has also failed to plausibly plead a claim for breach of the duty of good faith and fair dealing.

D

Finally, Vandelay's declaratory judgment claims must also be dismissed.

1

Vandelay seeks declarations of the parties' respective rights and duties under the Policy and that Cincinnati's conduct was unlawful and in material breach of the Policy. *See* 2d Am. Compl. ¶¶ 134, 146, 158, 170, 182, and 194. These declarations track Vandelay's breach of contract claims. For the same reasons that Vandelay has failed to plausibly allege a breach of the Policy, it has also failed to plausibly allege a declaratory judgment claim.

2

Even had Vandelay alleged a plausible claim for breach of the Policy, its declaratory judgment claims would still be subject to dismissal.

"When a declaratory judgment action filed in state court is removed to federal court,

that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.). The declaratory judgments that Vandelay seeks overlap with the allegations underlying its contract claims and will be "resolved in the context of [Vandelay's] breach of contract actions[.]" *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (Fitzwater, J.) (citation omitted). Accordingly, Vandelay's declaratory judgment claims are subject to dismissal for this reason as well. *See Kougl v. Xspedius Mgmt. Co. of Dall./Fort Worth, L.L.C.*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (dismissing claims for declaratory relief when they would be resolved in context of breach of contract actions); *Landscape Design & Constr., Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573, at *10 (N.D. Tex. Feb.19, 2002) (Fitzwater, J.) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

IV

Although the court is granting Cincinnati's motion, and although it has already given Vandelay one opportunity to replead, it will grant Vandelay another opportunity to amend. "'[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.'" *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,

313 F.3d 305, 329 (5th Cir. 2002)). Vandelay has not stated that it cannot, or is unwilling to, cure the defects that the court has identified. And it is not uncommon for plaintiffs to state plausible claims for relief when amending after a motion to dismiss has been granted. *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted). The court therefore grants Vandelay 28 days from the date this memorandum opinion and order is filed to file a third amended complaint. If Vandelay repleads, Cincinnati may move anew to dismiss, if it has a basis to do so.

**SO ORDERED**.

February 9, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE